**Keith D. Karnes**, Oregon State Bar ID #033521
keith@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorne Ave.
Salem, Oregon 97301
Telephone: (503) 385-8888
Fax: (503) 385-8899

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL WOOD, and SUMMER WOOD, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC., and OCWEN LOAN SERVICING, LLC., <br><br> Defendants. | Case No. 6:16-cv-02061-MC <br><br> SECOND AMENDED COMPLAINT |

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331; pursuant to 15 U.S.C. § 1692k(d); pursuant to 12 U.S.C. § 2605; pursuant to 28 U.S.C. § 1367 and pursuant to 28 U.S.C. § 1332.

2. This actions arises out of Defendants' violations of the Real Estate Settlement Procedures

SECOND AMENDED COMPLAINT

Act, 12 U.S.C. § 2601 et seq. ("RESPA") and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") as well as other common law and statutory claims.

3. Venue is proper in this District because the acts and transactions occurred and the Plaintiffs reside in this district and the subject property is within this district.

## PARTIES

4. Plaintiffs Michael and Summer Wood (hereinafter "Plaintiffs") are Oregon residents and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiffs are the owners of the home that is the subject of this action which they purchased for and continue to use it as their primary residence for themselves and their family.

5. Nationstar Mortgage, LLC., is a Texas company, registered to conduct business in Oregon and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Nationstar Mortgage is a "servicer" as that term is defined by 12 U.S.C. § 2605(i)(2).

6. Ocwen Loan Servicing, LLC., is a Florida company, registered to conduct business in Oregon, and is a "servicer" as that term is defined by 12 U.S.C. § 2605(i)(2).

## FACTUAL ALLEGATIONS

7. On or about November 14, 2011, Plaintiffs purchased and financed their home at 5619 Waln Creek Ct. S., Salem, OR 97306 for personal, family, and household use where they live and raise their children.

8. On or about November 14, 2011, Plaintiffs financed their loan through Paramount Equity Mortgage, LLC, a California Limited Liability Company. Later, Ocwen began servicing the loan, and then transferred the servicing rights to Nationstar for collection. At all times relevant, Plaintiffs have and continue to be current on their loan. However,

SECOND AMENDED COMPLAINT

Defendants have claimed Plaintiffs are delinquent and have reported to the credit reporting agencies that Plaintiffs are delinquent. Plaintiffs have provided proof of payments to Defendants; however, Defendants have refused to correct the accounting of Plaintiffs' loan.

9. Plaintiffs have requested a complete loan accounting from Ocwen; however, Ocwen has only given a loan history that begins November 3, 2014.

10. On October 7, 2013 Ocwen informed Plaintiffs that their ongoing mortgage payment was $1190.31. Every month since this statement Plaintiffs made the payment of $1190.31 to Ocwen until plaintiff were instructed by Ocwen to make the payment to Nationstar.

11. As of October 7, 2013 Ocwen claimed to the holder of the promissory note that plaintiffs' executed as a part of the financing of the plaintiffs' home; however, plaintiffs believe that the promissory note is held by Fannie Mae and that Fannie Mae is entitled to receive the payments owed under the promissory note.

12. On or about November 3, 2014 Ocwen applied payments to the plaintiffs' loan as though the payment was $1206.16; however, Ocwen had never notified plaintiffs that their payment was more than $1190.31. Additionally on November 3, 2014 Ocwen applied two payments of $1206.16; two escrow payments of $372.52; two suspense payments of $833.64 as well as other miscellaneous payments. These payments were credited to plaintiffs' mortgage account; however, plaintiffs only paid $1190.31 for their November, 2014 payment.

13. As of November 3, 2014 plaintiffs were current on their mortgage payments; however, Ocwen claimed that the plaintiffs payments were 90 days late and reported this claim to the credit reporting agencies.

SECOND AMENDED COMPLAINT

14. On November 3, 2014 Ocwen's accounting shows that the suspense balance ranged from a low of $464.96 to a high of $8,169.74.

15. On or about December 1, 2014 plaintiffs again made their monthly payment of $1190.31 and Ocwen applied the following payments: two payments of $1,206.16; two payments of $833.64 and one escrow payment of $372.64.

16. Despite the fact that as of the last entry of Ocwen's accounting on November 3, 2014 indicates that the plaintiffs' escrow balance was $464.96 the next entry beginning December 1, 2014 indicates the plaintiffs' escrow balance was $8,558.11; Ocwen's accounting for plaintiffs' loan on the date of December 1, 2014 ranges from a low of $837.47 to a high of $9,691.78.

17. As of December 2014 plaintiffs were current on their mortgage; however, Ocwen claimed that the plaintiffs were 120 days delinquent and reported this claim to the credit reporting agencies.

18. Ocwen repeatedly misapplied plaintiffs' payments and throughout the time it serviced the plaintiffs' mortgage it showed the plaintiffs' escrow account reached as high as $22,376.69. Pursuant to 12 CFR §1024.17; Ocwen was not entitled to keep more than approximately $5,500 in plaintiffs' escrow account. Ocwen kept this money in the escrow account to allow it to keep the money from plaintiffs and from Fannie Mae or any other holder of the promissory note.

19. Ocwen charged plaintiffs late fees and collected the late fees despite the fact that plaintiffs were never late on their payments. Upon information and belief Ocwen kept the late fees and did not forward these payments to Fannie Mae or any other holder of the promissory note.

SECOND AMENDED COMPLAINT

20. On July 2, 2015 Ocwen reversed 16 payments totaling approximately $19,204.50. Ocwen did not apply this amount to plaintiffs' escrow, suspense balance or any other account attributable to plaintiffs.  According to the accounting, Ocwen appears to have kept plaintiffs' payments for its own benefit and reported that plaintiffs were more than 15 months delinquent on their payments.

21. On September 9, 2015 Ocwen charged a "legal filing service" fee of $15.59.  However, Ocwen is not entitled to charge this fee to plaintiffs.

22. On September 9, 2015 Ocwen again reversed at least 22 payments and did  not apply these reversed payments to plaintiffs escrow, suspense or other accounts instead, Ocwen kept the payments for its own benefit and claimed that plaintiffs were more than 12 months past due.  Ocwen reported this claim to the credit reporting agencies.

23. On or about November 1, 2015 Ocwen claimed that plaintiffs were delinquent by at least 7 months delinquent.  However, plaintiffs were current on their mortgage payments.

24. Ocwen transferred the servicing of plaintiffs' loan to Nationstar on or about November 1, 2015 and claimed that plaintiffs were 7 months delinquent.  Ocwen reported this alleged delinquency to Nationstar and the credit reporting agencies.  Ocwen's claim of plaintiffs' delinquency is false.

25. Ocwen kept at least 7 months of plaintiffs' mortgage payments for its own benefit for an amount of not less than $8332.00.  Upon information and belief Ocwen did not forward the 7 payments to Fannie Mae or any other party that was the holder of the note or any other party that was entitled to receive the payments.

26. Beginning November 1, 2015 Nationstar has begun collecting from plaintiffs and has alleged that plaintiffs are delinquent.  However, plaintiffs have made all payments that

SECOND AMENDED COMPLAINT

have come due on time.

27. Nationstar has claimed that plaintiffs are delinquent and have made that claim to plaintiffs and to the credit reporting agencies.

28. Plaintiffs have disputed to Nationstar that they are delinquent; however, Nationstar has continued to claim that plaintiffs are delinquent.

29. Beginning November 13, 2015, Plaintiffs made their $1,190.31 required monthly payment to Nationstar, which Nationstar has applied to Plaintiffs' suspense account instead of their principal, interest, and escrow.

30. Contrary to law or contract, Nationstar assessed $40.89 late fee charges against Plaintiffs' for the months May 2015 through October 2013, although Plaintiffs were current on their loan. Nationstar kept these late fees for its own benefit.

31. Defendants' conduct has caused Plaintiffs damages in the form of impaired credit, upset, frustration, time spent, and other damages to be proven at trial.

## TRIAL BY JURY

32. The plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

33. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as fully stated herein.

34. The foregoing acts and omissions of the defendant-Nationstar constitute multiple

SECOND AMENDED COMPLAINT

violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1).

35. As a result of the defendant Nationstar's violations of the FDCPA, the plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

12 U.S.C. § 2601 *et seq*.

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as fully stated herein.

37. In or about October 2015 plaintiffs wrote to Ocwen to dispute Ocwen's accounting. The correspondence to Ocwen included the name and account of the plaintiffs and included a statement of the reasons that the account is in error and requested a correction of the loan accounting. Ocwen responded on or about November 24, 2014 with a loan history that did not correct the errors to the loan history. Ocwen further continued to report to the credit reporting agencies that plaintiffs were delinquent after receiving plaintiffs' dispute.

38. Ocwen's conduct is a violation of RESPA, and the plaintiff is entitled to statutory damages pursuant to 12 U.S.C. § 2605(f).

## COUNT III

### UTPA (ORS 646.608 et seq.)

30.

39. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as

SECOND AMENDED COMPLAINT

fully stated herein.

40. Defendants' conduct in misapplying funds and charging unauthorized fees and costs is a violation of the UTPA, ORS 646.608(1)(k) and OAR 137.020-0805.

## COUNT IV

## DEFAMATION

41. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as fully stated herein.

42.  Ocwen's statements that plaintiffs were delinquent that it made to the credit reporting agencies and to Nationstar were made with knowledge that the statements were false and were made with malice.

43. Ocwen's statements are libel.

44. Ocwen's statements have caused plaintiffs damages in the form of upset, worry, frustration, anger, and lost credit opportunities.

45. Nationstar's statements to the credit reporting agencies that plaintiffs are delinquent were made with knowledge that the statements were false and were made with malice.

46. Nationstar's statements are libel.

47. Nationstar's statements have caused plaintiffs damages in the form of upset, worry, frustration, anger, and lost credit opportunities.

## COUNT V

## CONVERSION

48. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as fully stated herein.

49. Defendants' conduct in wrongfully keeping plaintiffs' payments, charging and keeping

SECOND AMENDED COMPLAINT

the late fees and failing to apply plaintiffs' payments to their account is conversion.

50. Defendants' conduct has caused plaintiffs damages in the form of upset, worry, frustration, anger, and lost credit opportunities.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants for:

a.  An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Nationstar;

b.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Nationstar; and

c.  An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Nationstar.

d.  An award of damages, attorney fees and costs pursuant to 12 U.S.C. § 2605(f), against Ocwen.

e.  An award of compensatory damages, punitive damages, fees and costs against each defendant pursuant to ORS 646.638.

f.  An award of compensatory damages in an amount not less than $75,000 against each defendant, punitive damages, and the costs of the litigation against each defendant.

DATED: May 30, 2017

/s/ Keith D. Karnes
Keith D. Karnes
OSB # 03352
(503) 385-8888
Attorney for Plaintiffs

SECOND AMENDED COMPLAINT

CERTIFICATE OF SERVICE

      I, Keith Karnes, certify that I filed the forgoing document via ecf which will in turn serve:

David J. Elkanich     serve.dje@hklaw.com

Keith D. Karnes     keith@keithkarnes.com, jennifer@keithkarnes.com, kkarnesnotices@gmail.com

Lukasz I. Wozniak     lwozniak@wrightlegal.net, sbennett@wrightlegal.net

DATED: May 30, 2017

                                                            /s/ Keith D. Karnes
                                                            Keith D. Karnes
                                                           OSB # 03352
                                                           (503) 385-8888
                                                           Attorney for Plaintiffs