WRIGHT, FINLAY & ZAK, LLP
Lukasz I. Wozniak, OSB #136245
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel.: (949) 477-5050; Fax: (949) 608-9142
Email: lwozniak@wrightlegal.net

Attorneys for Defendant OCWEN LOAN SERVICING, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MICHAEL WOOD<br>and SUMMER WOOD<br><br>                  Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC., and<br>OCWEN LOAN SERVICING, LLC.,<br><br>                  Defendant. | Case No.: 6:16-cv-02061-MC<br><br>*Assigned to Hon. Michael J. McShane*<br><br>MOTION TO DISMISS PLAINTIFFS'<br>SECOND AMENDED COMPLAINT<br><br>Pursuant to Fed. R. Civ. P.12(b)(6) |

**LOCAL RULE 7-1 CERTIFICATION**

In compliance with L.R. 7-1, counsel for defendant OCWEN LOAN SERVICING, LLC ("Defendant" or "Ocwen") hereby certifies that on May 31, 2017, counsel attempted to confer with counsel for plaintiffs MICHAEL and SUMMER WOOD ("Plaintiffs") and left a message for Plaintiffs' counsel. As of the date of this Motion, Plaintiffs' counsel has not returned that message.

**MOTION**

Defendant OCWEN LOAN SERVICING, LLC hereby respectfully moves for an order dismissing Plaintiffs' Second Amended Complaint with prejudice for failure to state a claim

upon which relief may be granted. Fed.R.Civ.Proc. ("FRCP") 12(b)(6). This Motion is supported by the Legal Memorandum in Support of Motion to Dismiss and by all of the records and files of this case.

## **LEGAL MEMORANDUM**

### I.   INTRODUCTION AND STATEMENT OF FACTS

On or about November 14, 2011, Plaintiffs purchased the real property located at 5619 Walnut Creek Ct. S., Salem, Oregon 97306 ("Property"). (Second Amended Complaint, ¶ 7.) To acquire funds necessary for the purchase, Plaintiffs took out a loan from Paramount Equity Mortgage, LLC (the "Loan"). (Second Amended Complaint, ¶ 8.)

Plaintiffs allege that Ocwen serviced the Loan until November 6, 2015, at which time servicing was transferred to defendant Nationstar Mortgage, LLC ("Nationstar"). (First Amended Complaint [Docket No. 7-1], ¶¶8-9, 18; Second Amended Complaint, ¶¶8, 23 .) Plaintiffs contend, that during the period it serviced the Loan, Ocwen had engaged in various wrongful conduct and misapplied various payments to the Loan. (Second Amended Complaint, ¶¶9-25.) However, as discussed below, Plaintiffs' allegations are unsupported by facts and law and, therefore, fail to state <u>any</u> viable claim for relief against Ocwen.

### II.   LEGAL STANDARD FOR MOTIONS TO DISMISS

To survive a FRCP 12(b)(6) motion to dismiss the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S.

662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). However, the plausibility standard does not amount to a probability requirement; it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Indeed, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

Thus, while FRCP 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal, supra*, at 678, 1949. The pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly, supra*, at 555, 1965. Rather, the plaintiff must allege sufficient facts to support each element of each claim that is asserted in the complaint. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

In addition, "[a]lthough generally the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, the court may consider evidence on which the 'complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'... The court may 'treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

/ / /

/ / /

/ / /

/ / /

/ / /

## III.   ARGUMENT

### A. Plaintiffs Did Not Allege Sufficient Facts to State a Claim for RESPA Violations Against Ocwen.[1]

As explained in *Felten v. U.S. Bank, N.A.*, 2016 U.S. Dist. LEXIS 139237, *9-11 (D. Or. Aug. 25, 2016):

> "RESPA provides that mortgage loan servicers must respond in writing to [QWR's] by borrowers for information relating to the servicing of their loans." *Moore v. Wells Fargo Bank, NA*, 2013 U.S. Dist. LEXIS 108663, 2013 WL 3965313, *6 (D.Or. Aug. 1, 2013) (citing 12 U.S.C. § 2605(e)). Because "RESPA governs the servicing of the loan, rather than the creation or modification of the loan . . . a QWR must only relate to servicing." *Vettrus v. Bank of America, N.A.*, 2012 U.S. Dist. LEXIS 98330, 2012 WL 2905167, *7 (D.Or. July 13, 2012) (internal quotations omitted). "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A QWR is "a written correspondence," which allows the servicer to identify the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Hubbard v. Bank of America*, 2011 U.S. Dist. LEXIS 65809, 2011 WL 2470021, *4 (D.Or. April 21, 2011) (quoting 12 U.S.C. § 2605(e)(1)(B)).

Plaintiffs allege that in or about October, 2015, they sent Ocwen a Qualified Written Request ("QWR"), which disputed Ocwen's accounting for the Loan. (Second Amended Complaint, ¶37.) Plaintiffs also admit that Ocwen responded to their correspondence, but did not correct the accounting. (Second Amended Complaint, ¶ 37.)

Attached to the Declaration of Lukasz I. Wozniak dated and filed on May 5, 2017 [Docket No. 8-1] as Exhibit 3, is a true and correct copy of Plaintiffs' purported QWR. *See, Daniels-Hall, supra*, 629 F.3d at 998 (holding that the Court is permitted to review evidence on

---

[1] The first claim for violation of the Fair Debt Collection Practices Act ("FDCPA") has not been alleged against Ocwen. (*see,* Second Amended Complaint, ¶¶33-35.)

which the complaint necessarily relies in connection with ruling on a FRCP 12(b)(6) motion to dismiss.) Contrary to Plaintiffs' allegations, that letter demonstrates that Plaintiffs merely complained about their October, 2015 payment not being withdrawn from their account and did not generally dispute Ocwen's accounting.

> The *Felten* court further explained that:
>
> [i]n response to a QWR, the servicer must, within thirty days, provide the borrower with a written explanation or clarification that includes:
>
> (i) Information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
> (ii) The name and telephone number of an individual employed by the office or department of, the servicer who can provide assistance to the borrower.
>
> *Felten, supra,* at *10-11.

Here, on November 4, 2015, Ocwen responded to Plaintiffs' correspondence, explaining that her account was past-due and, therefore, on September 30, 2015, her automatic payment plan was terminated. Ocwen further informed Plaintiffs that servicing of their Loan had been transferred to Nationstar Mortgage, LLC, who could further assist them with their inquiry. (A true and correct copy of Ocwen's responses is attached to the Declaration of Lukasz I. Wozniak [Docket No. 8-1] as Exhibit 4.) Based on the foregoing, it is evident that Ocwen complied with its statutory obligations under 12 U.S.C. § 2605. Therefore, Plaintiffs' claim fails for this reason alone.

In addition, Plaintiffs' claim cannot withstand this pleading challenge because, despite having now three opportunities to do so, Plaintiffs have failed to allege that they were actually damaged as a result of Ocwen's purported violation(s). In *Schwartz v. Christiana Trust,* 2016

U.S. Dist. LEXIS 83186, *14 (D. Or. June 2, 2016), this district held that "RESPA requires that plaintiffs establish that any RESPA violation resulted in actual damages.... [S]tatutory damages are allowed as 'additional' damages to the actual damages, and only upon the finding of a pattern or practice of noncompliance." (Internal citations omitted.) As such, to withstand a Rule 12(b)(6) motion to dismiss, Plaintiffs must allege *actual damages* resulting from the purported RESPA violation. *Id.* Here, just like in *Schwartz,* Plaintiffs alleged only statutory damages. (Second Amended Complaint, ¶ 38; *Schwartz,* at *17.) Therefore, their claim fails for this reason as well.

### B. Plaintiffs Did Not State a Claim for Violation of UTPA Against Ocwen.

In their third claim, Plaintiffs contend that Ocwen violated ORS 646.608(1)(k), which prohibits making "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred" and the Oregon Administrative Rule ("OAR") 137.020-0805. As explained below, their claim fails.

As the initial matter, Plaintiffs' claim fails because it is devoid of <u>any</u> facts that demonstrate any sort of violation(s) by Ocwen. Not only Plaintiffs did not proffer any facts demonstrating that Ocwen made any sort of misrepresentations to them concerning availability of credit to Plaintiffs and/or concerning the nature of their Loan, they also did not provide any facts to demonstrate that Ocwen engaged in any conduct prohibited by OAR 137.020-0805. As such, for the third time now, Plaintiffs have failed to satisfy their pleading burden, subjecting their claim to a Rule 12(b)(6) dismissal. *See, e.g., Mendoza v. Lithia Motors, Inc.*, 2017 U.S. Dist. LEXIS 4716, *15-16 (D. Or. Jan. 11, 2017).

More importantly, however, Plaintiffs' claim fails as a matter of law because it is <u>untimely</u>. "Actions brought under the UTPA must be commenced 'within one year from the

discovery of the unlawful method, act or practice.'" *Moore v. Wells Fargo Bank, NA,* 2013 U.S. Dist. LEXIS 108663, *10-11 (D. Or. Aug. 1 2013) (citing ORS 646.638(6)). Here, any purported violations by Ocwen occurred more than one year prior to October 27, 2016 (i.e., prior to October 27, 2015). (Second Amended Complaint, ¶¶10-22, 39.) As such, Plaintiffs' claim fails as a matter of law.

Finally, Plaintiffs' claims fails because Plaintiffs did not allege <u>any</u> facts to demonstrate their ascertainable loss. Yet, the Uniform Trade Practices Act ("UTPA") allows for a private right of action <u>only</u> if a party has an ascertainable loss of money or property resulting from a willful violation of the statute. ORS 646.638(1); *Scott v. W. Intern. Surplus Sales, Inc,*, 267 Ore 512, 515, 517 P.2d 661 (1973); *Ruiz v. Hammer & Nails, LLC,* 2013 U.S. Dist. LEXIS 139424, 2013 WL 5436604, at *9 (D. Or. Aug. 13 2013). Pleading an ascertainable loss of money or property constitutes an essential element of a private UTPA claim. *Creditors Protective Ass'n, Inc. v. Britt,* 58 Or. App. 230-233, 648 P.2d 414 (1982). Such pleading is satisfied <u>only</u> if the plaintiff alleges an <u>actual payment of money</u> that is causally linked to the defendant's actions. *Egbukichi v. Wells Fargo Bank, NA,* 2016 U.S. Dist. LEXIS 54093, *12 (D. Or. Apr. 22, 2016); *Paul v. Providence Health sys.-Oregon,* 237 Ore.App. 584, 600-02, 240 P.3d 1110 (2010); *Gemignani v. Pete,* 187 Ore.App. 584, 588-592, 71 P.3d 87 (2003). Here, Plaintiffs did not allege an ascertainable loss and/or any willful violation by Ocwen. Accordingly, their claim fails for this reason as well.

/ / /

/ / /

/ / /

/ / /

### C. Plaintiffs' Third Claim for Defamation Fails Against Ocwen.

Plaintiffs' third claim for defamation fails for at least three reasons. First and foremost, Plaintiffs' claim, to the extent that it is predicated on Ocwen's alleged reporting of the Loan as delinquent to the credit bureaus (*see*, Second Amended Complaint, ¶42), is preempted by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").

The FCRA contains two preemption provisions – 15 U.S.C. § 1681t(b)(1)(F) and 15 U.S.C. § 1681h(e). Section 1681t is titled "Relation to State Laws" and states, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State... with respect to any subject matter regulated under... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." 15 U.S.C. § 1681t(b)(1)(F).[2] Section 1681h, on the other hand, states that: "... no consumer may bring any action or proceeding in the nature of defamation... with respect to the reporting of information against any... person who furnishes information to a consumer reporting agency, <u>based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title</u>... except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (emphasis added); *see also, Weseman v. Wells Fargo Home Mortg., Inc.*, 2007 U.S. Dist. LEXIS 99535, *4-5 (D. Or. Dec. 11, 2007) ("This clause only preempts state claims for defamation... and <u>only to the extent such claims are based on the disclosure of certain types of information</u> and are not based on malice or willful intent to injure.")[3]

---

[2] Section 1681s-2 sets forth the responsibilities of furnishers of information (such as Ocwen) to consumer reporting agencies (such as Equifax, Experian, and TransUnion), including the duty to report correct information. *See*, 15 U.S.C. § 1681s-2(a).

[3] Sections 1681g and 1681h address the obligations and rights of consumer reporting agencies in disclosing information to consumers. *See*, 15 U.S.C. §§ 1681g and h. Section 1681m, on the

MOTION TO DISMISS SECOND AMENDED COMPLAINT
[FRCP 12(b)(6)]

Here, Plaintiffs' claim relates to Ocwen's duties imposed by Section 1681s-2 (*see,* Second Amended Complaint, ¶¶8, 13, 17, 20, 22, 24, and 42); therefore, it is preempted under 15 U.S.C. § 1681t(b)(1)(F). *See, Cope v. MBNA Am. Bank, N.A.,* 2006 U.S. Dist. LEXIS 10937, *24 (D. Or. Mar. 8, 2006). As such, Plaintiffs' claim fails as a matter of law.

Even if the Court concluded that Plaintiffs' allegations fall within the provisions of Section 1681h(e) however, Plaintiffs' claim still fails because Plaintiffs provided absolutely no facts to demonstrate that Ocwen's actions were malicious and/or undertaken with willful intent to injure.

A willful act under FCRA is an act "done knowingly or intentionally, or is recklessly committed with a conscious disregard for the rights of others." *Harris v. Equifax Credit Info. Serv.*, 2003 U.S. Dist. LEXIS 27221 (D. Or. Nov. 24, 2003). Malice on the other hand, under Section 1681h(e), "is congruent with the common law standard". *See, e.g., Cousin v. Trans Union Corp.*, 246 F.3d 359, 375 (5th Cir., 2001). Thus, it " requires a showing that the publication was made (1) with knowledge that it was false or (2) with reckless disregard for its truth, the latter supported by a showing that the defendant in fact entertained serious doubts as to the truth of the publication." *Pham v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 81688, *15 (N.D. Cal. Aug. 11, 2010) (citing *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1028 (9th Cir. 2009)).

Further, although malice can be alleged generally (*see,* FRCP 9(b)), the allegations still must be supported by facts establishing the above-referenced elements. *See, e.g., Pham, supra,* at

---

other hand, sets forth certain requirements on users of consumer reports who take action that is adverse to the consumer based on information contained in the consumer reports. *See,* 15 U.S.C. § 1681m. <u>Significantly, as alleged in the Second Amended Complaint, these sections do not apply to Ocwen</u>.

MOTION TO DISMISS SECOND AMENDED COMPLAINT
[FRCP 12(b)(6)]

*15; *see also, Spreadbury v. Bitterroot Pub. Library,* 2011 U.S. Dist. LEXIS 154331, *10 (D. Mont. July 28, 2011). Here, just as in *Pham*, Plaintiffs' allegations of malice amount to nothing more than factually devoid, conclusory statements and/or legal conclusions of Plaintiffs' counsel. Consequently, because such allegations are insufficient to withstand a motion to dismiss (*see, e.g., Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986) [on a motion to dismiss, courts are not bound to accept as true a legal conclusions]; *accord, Campbell v. Carrington Mortg. Servs. LLC,* 2017 U.S. Dist. LEXIS 58883, *4 (D. Or. Apr. 18, 2017)), Plaintiffs' claim fails under Section 1681h(e) as well.

Second, Plaintiffs' claim fails because, just as their previous claim, it is time-barred. "[A]ctions for defamation must be commenced within one year." *Coe v. Statesman-Journal Co.,* 277 Ore. 117, 119, 560 P.2d 254, 254 (Or. 1977) (citing ORS 12.120(2)). As explained in Section B above, any purported wrongful conduct by Ocwen occurred prior to October 27, 2015. (Second Amended Complaint, ¶¶10-22.) Therefore, Plaintiffs' claim fails as a matter of law.

Third, Plaintiffs have not alleged the elements of the claim against Ocwen. "Under Oregon law, a claim for defamation has three elements: '(1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm.'" *Herrera v. C & M Victor Co.,* 265 Ore.App. 689, 697, 337 P.3d 154, 159 (Or. Ct. App. 2014) (citations omitted). In *Nat'l Union Fire Ins. Co. v. Starplex Corp.,* 220 Ore.App. 560, 584-585, 188 P.3d 332, 347, (Or. Ct. App. 2008), the court explained that:

> a defamatory statement is one that would subject another to 'hatred, contempt or ridicule [or] tend to diminish the esteem, respect, goodwill or confidence in which [the other] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the other]."... Spoken words, *i.e.,* slander, are actionable *per se* in Oregon if, among other categories of

> statements, they are words "tending to injure the plaintiff in his or her profession or business." ... Such words must cast aspersions on the plaintiff's ability to perform essential functions, or must assert that the plaintiff lacks a characteristic necessary to successful performance, of his or her job…

(Internal citations omitted).

Here, Plaintiffs alleged no facts to demonstrate that Ocwen's purported reports subjected them to "hatred, contempt or ridicule", "diminish[ed] the esteem, respect, goodwill or confidence in which Plaintiffs are (or were) held", or "excite[d] adverse, derogatory or unpleasant feelings or opinions" against Plaintiffs. Moreover, Plaintiffs alleged no facts to demonstrate that Ocwen's reports constituted libel per se. *See, e.g., Barnett v. Phelps*, 97 Ore. 242, 245, 191 P. 502, 503 (Or. 1920) (discussing classes of words that are actionable per se). Accordingly, Plaintiffs did not allege the first element of the claim.

In addition, because Plaintiffs did not and cannot allege that Ocwen made defamatory statements about Plaintiffs, they necessarily did not and cannot allege that Ocwen published defamatory material concerning Plaintiffs.

Finally, Plaintiffs did not allege the "resulting special harm". To satisfy the "special harm" element, the law requires the plaintiff to demonstrate injury to the person's reputation. *L & D of Or. v. Am. States Ins. Co.*, 171 Ore.App. 17, 27, 14 P.3d 617, 623 (Or. Ct. App. Nov. 15, 2000). Further, "[i]t must be a loss of a pecuniary character, or the loss of some substantial or material advantage." *Clark v. Morrison*, 80 Ore. 240, 245, 156 P. 429, 430 (Or. 1916). Here, Plaintiffs did not allege any facts demonstrating the necessary "special harm". Therefore, their claim fails.

For all of these reasons, Plaintiffs' claim fails in its entirety.

### D. <u>Plaintiffs Did Not Allege Sufficient Facts to State a Claim for Conversion Against Ocwen.</u>

In Oregon, conversion is an "intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Mustola v. Toddy*, 253 Or 658, 663, 456 P2d 1004 (1969); *see also, Ahern v. Gaussoin*, 611 F.Supp. 1465, 1495 (D. Or., 1985). Here, Plaintiffs' claim is premised on the contention that "Defendants" "wrongfully ke[pt] plaintiffs' payments, charg[ed] and ke[pt] the late fees and fail[ed] to apply plaintiffs' payments to their account." (Second Amended Complaint, ¶49.) Again, this bare-bone allegation is insufficient to satisfy Plaintiffs' pleading requirements under FRCP 8(a).

Although in Oregon a claim for conversion may be based upon money (*see, Cron v. Zimmer*, 255 Ore.App. 114, 129, 296 P.3d 567, 57 (Or. Ct. App. 2013)), to state a claim for conversion of money, Plaintiffs were required to allege facts demonstrating that "the money was wrongfully received by [Ocwen], or [Ocwen] is obligated to return specific money to [Plaintiffs]." *Waggoner v. Haralampus*, 277 Ore. 601, 604, 561 P.2d 586, 587 (Or. 1977); *see also, Wood Industrial Corp. v. Rose,* 271 Ore. 103, 108, 530 P.2d 1245, 1248 (Or. 1975); *Ahern, supra,* at 1495 ("When a conversion of money is alleged, a plaintiff must prove that the defendant is obligated to return specific money that the plaintiff claims.")

Here, Plaintiffs did not allege any facts to demonstrate that Ocwen wrongfully received any money from Plaintiffs and that it is obligated to return any such money to Plaintiffs. Indeed, Plaintiffs acknowledged that the money they had submitted to Ocwen (who serviced the Loan) was submitted to Ocwen as Plaintiffs' mortgage payments. Accordingly, Ocwen did not "wrongfully received" any money from Plaintiffs.

Second, Plaintiffs did not and cannot allege that Ocwen is required to return a specific amount of money to Plaintiffs. Notwithstanding that Plaintiffs did not identify the specific sums they claim Ocwen improperly received, Plaintiffs themselves admitted that the money at issue should have been transmitted to the Loan's investor and, therefore, they are not entitled to the return thereof. (Second Amended Complaint, ¶11.) For all of these reasons, Plaintiffs' claim fails.

### E. Plaintiffs Should Not Be Afforded any Further Leave to Amend.

Although leave to amend is generally freely given, "the court need not grant leave to amend where the amendment: ... 'is futile.' (Citation.) Futility can, by itself, justify denial of a motion for leave to amend." *Holloway v. Clackamas River Water*, 2015 U.S. Dist. LEXIS 164385, *7-8 (D. Or. Oct. 2, 2015) (citations omitted). Here, Plaintiffs have already been offered two opportunities to amend their claims and have failed to take advantage of these opportunities. It is thus evident that Plaintiffs cannot state a viable claim against Ocwen and that any further amendment would be futile. Accordingly, Plaintiffs should not be granted any further leave to amend. *See, e.g., Schwartz, supra,* 2016 U.S. Dist. LEXIS 83186 at *18.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on all of the foregoing, defendant Ocwen Loan Servicing, LLC respectfully requests that the Court grant this Motion in its entirety and dismiss Plaintiffs' Second Amended Complaint with prejudice.

DATED: June 5, 2017

                              WRIGHT FINLAY & ZAK, LLP

By:   /s/ Lukasz I. Wozniak
        Lukasz I. Wozniak OSB #136245
        Email: lwozniak@wrightlegal.net
        4665 MacArthur Court, Suite 200
        Newport Beach, CA  92660
        Tel.: (949) 477-5050
        Fax: (949) 608-9142

        Attorneys for Defendant,
        OCWEN LOAN SERVICING, LLC

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3697 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: June 5, 2017

                                            WRIGHT FINLAY & ZAK, LLP

By:   /s/ Lukasz I. Wozniak
        Lukasz I. Wozniak OSB #136245
        Email: lwozniak@wrightlegal.net
        4665 MacArthur Court, Suite 200
        Newport Beach, CA 92660
        Tel.: (949) 477-5050
        Fax: (949) 608-9142

        Attorneys for Defendant,
        OCWEN LOAN SERVICING, LLC

# PROOF OF SERVICE

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On June 5, 2017, I served the within **MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** on all interested parties in this action as follows:

[ ]    by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s)    addressed as follows:

Keith D. Karnes
Karnes Law Offices, PC
1860 Hawthorne Avenue N.E, Ste. 10
Salem, OR 97301
T: 503-385-8888 / F: 503-385-8899
Email: keith@keithkarnes.com
*Attorney for Plaintiffs MICHAEL WOOD and SUMMER WOOD*

David J. Elkanich, Esq.
HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue Portland, OR 97204
T: 503-243-2300 / F: 503-241-8014
Email: serve.dje@hklaw.com
*Attorneys for NATIONSTAR MORTGAGE LLC*

[ ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY OVERNIGHT - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]    (CM/ECF ELECTRONIC FILING) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2017, at Newport Beach, California.

_____*/s/ Steven E. Bennett*_____
Steven E. Bennett

**PROOF OF SERVICE**