David J. Elkanich, OSB No. 992558
E-mail: serve.dje@hklaw.com
Calon N. Russell, OSB No. 094910
Email: serve.cnr-electronicservice@hklaw.com
**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014
Attorneys for Nationstar Mortgage LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL WOOD, and SUMMER WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, and OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | Case No. 6:16-cv-02061-MC<br><br>NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT |

**LR 7-1 CERTIFICATE OF COUNSEL**

Counsel for Defendant Nationstar Mortgage LLC ("Nationstar") certifies that he made efforts to contact and confer with counsel for Plaintiffs Michael and Summer Wood ("Plaintiffs") regarding the substance of this motion; Counsel for Nationstar left a message with Plaintiffs' counsel's office on June 13, 2017 and followed up with an email, but did not hear back from Plaintiffs' counsel prior to filing.

Page 1 -   NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS
           SECOND AMENDED COMPLAINT

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

## MOTION

Nationstar hereby respectfully moves for an order dismissing all of Plaintiffs' claims against Nationstar with prejudice for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). This Motion is Supported by the Legal Memorandum below and by the record before this court.

## LEGAL MEMORANDUM

### I. Legal Standard for Motions to Dismiss.

When construing a motion to dismiss under Rule 12(b)(6), a court is not required to accept legal conclusions as true because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007). Under *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 678 (citations omitted). *Iqbal* makes clear that a complaint containing "labels and conclusions," or "naked assertion[s]" that are devoid of "further factual enhancements" cannot stand in the face of a 12(b)(6) motion to dismiss. *Id*. (citations omitted). The court need not accept unreasonable inferences or conclusory deductions of fact cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Allegations should at least provide the defendant with "fair notice" of the claim and the facts upon which the claim rests. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Under this framework, "judgment on the pleadings is appropriate when, accepting all factual allegations in the complaint as true, the moving party is entitled to judgment as a matter of law." *Story v. Midland Funding LLC*, 2015 WL 7760190 at *2 (D. Or. Dec. 2, 2015).

Page 2 -   NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS
           SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

Further, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). And, "[a]lthough generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the Plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotations omitted).

## II. Statement of Facts and Allegations.

On or about November 14, 2011, Plaintiffs purchased real property located at 5619 Walnut Creek Ct. S., Salem, Oregon 97306 ("Property"). (Second Amended Complaint ¶ 7.) Plaintiffs financed their purchase through a loan from Paramount Equity Mortgage, LLC which was secured by a Deed of Trust Recorded in the Marion County records. (Second Amended Complaint ¶¶ 7, 8; *see also* Exhibit A attached to Nationstar's Request for Judicial Notice in Support of Motion to Dismiss ("RJN") filed herewith.) Defendant Ocwen Loan Servicing LLC ("Ocwen") serviced the loan until November 2015. (Second Amended Complaint ¶¶ 8, 26.) In November 2015, Nationstar began servicing the loan. *Id*.

Plaintiffs allege that Nationstar:

- Inaccurately claimed Plaintiffs are delinquent on the loan and have made that claim to credit reporting agencies. (Second Amended Complaint ¶¶ 27, 45.)

- Applied certain of Plaintiffs' loan payments to a suspense account. (Second Amended Complaint ¶ 29.)

Page 3 -  NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

- Assessed late fee charges of $40.89 for the months of October 2013 through May 2015 for Nationstar's own benefit. (Second Amended Complaint ¶ 30.)

Plaintiffs do not offer further detail on Nationstar's allegedly improper conduct. Notably, Plaintiffs' Deed of Trust specifically grants discretion in how payments are applied and in connection with imposing late fees. It states, *inter alia*:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payment are accepted. * * * Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current.
>
> * * *
>
> If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge.

*See* Exhibit A attached to RJN.

## III. Argument.

Despite having three opportunities to plead sufficient facts to support a claim for relief, Plaintiffs' Second Amended Complaint contains only a few lines of threadbare allegations related to Nationstar's conduct. Plaintiffs then list multiple provisions of the FDCPA and UTPA without even listing the elements of those claims, much less tying any of the generally-alleged threadbare facts to those claims. Plaintiffs' defamation and conversion claims suffer from the same lack of detail/explanation. On the whole, these deficiencies alone provide a basis for dismissal. Plaintiffs' allegations suffer from other defects as well, including statute of limitations and federal preemption issues. The bases for dismissal of each claim are discussed below.

Page 4 - NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

### A. Plaintiffs' FDCPA Claim is Undermined by the Deed of Trust and is Insufficiently Pled.

Plaintiffs state that all of Nationstar's alleged "acts and omissions" violate the FDCPA, without any further detail. (Second Amended Complaint ¶ 34.) Among the FDCPA claims raised by Plaintiffs is an alleged violation of 15 U.S.C. § 1692f(1), which prohibits collecting an amount not authorized by the agreement creating the debt or permitted by law. This claim should be dismissed because the Deed of Trust authorizes both the assessment of late fees and the application of payments to a suspense account. *See Memmott v. OneWest Bank*, 2011 WL 1560985, at *13 (D. Or. 2011), *report and recommendation adopted as modified sub nom. Memmott v. OneWest Bank, FSB*, 2011 WL 1559298 (D. Or. 2011) (dismissing claims under § 1692f in part because "[t]he assessment of late charges and attorney fees was clearly contemplated by the parties and agreed to by plaintiff. OneWest retained the right accept or reject partial payments . . . .").

Plaintiffs' remaining FDCPA claims are based on a laundry list of provisions under 15 U.S.C. § 1692e (false and misleading representations). (Second Amended Complaint ¶ 34.) Plaintiffs do not make any effort to tie any factual allegations to the listed provisions, and has not alleged any specific false or misleading representations, instead alleging that Nationstar's "acts and omissions" violated all of the listed subsections. This method of pleading is too threadbare—especially after three chances to draft a complaint—to overcome the 12(b)(6) pleading standard. *Cf. Story v. Midland Funding LLC*, 2015 WL 7760190, at *6 (D. Or. Dec. 2, 2015) (granting judgment on the pleadings under Rule 12(c) in part based on "failure to specify which of [defendant's] alleged conduct forms the basis for [plaintiff's] § 1692e claims"). Plaintiffs' FDCPA claim should therefore be dismissed.

Page 5 - NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

### B. Plaintiffs' RESPA Claim Does not Name Nationstar.

Plaintiffs have not alleged any RESPA claims against Nationstar. To the extent Plaintiffs' Complaint could be construed to state RESPA claims against Nationstar, Nationstar adopts and incorporates by reference the bases for dismissal of such claims set out in Ocwen's Motion to Dismiss. (Doc. 13 at 4-5.)

### C. Plaintiffs' UTPA Claim is Time-Barred and is Insufficiently Pled.

Plaintiffs' only specific allegation in support of their UTPA claim is that Defendants "misappl[ied] funds and charg[ed] unauthorized fees and costs is a violation of the UTPA . . . ." (Second Amended Complaint ¶ 40.) This claim fails for multiple alternative reasons: (1) it is barred by the statute of limitations, (2) it fails to allege an ascertainable loss as required under Oregon law, (3) it fails to allege willfulness as required under Oregon law, and/or (4) it fails to allege facts in support of the specific statute cited by Plaintiffs, 646.608(1)(k) (false or misleading statements concerning credit availability or the nature of the transaction or obligation incurred).

Oregon's UTPA has a one year statute of limitations. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp.3d 971, 977 (D. Or. 2016). Using the date of Plaintiffs' initial Complaint (October 27, 2016), this one year window extends back to October 27, 2015. Plaintiffs claim, however, is based on allegedly improper late fees for the months of "May 2015 through October 2013 . . . ." (Second Amended Complaint ¶ 30.) That entire date range falls outside of the one year statute of limitations. Plaintiffs have not otherwise pled that these fees were assessed within the statute of limitations. To the extent Plaintiffs' UTPA claim is based on such late fees it must be dismissed for falling outside the statute of limitations.

Plaintiffs' UTPA claim also must be dismissed for failure to plead an ascertainable loss. "Pleading an ascertainable loss of money or property is an essential element of a private UTPA

Page 6 - NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

claim." *Egbukichi*, 184 F. Supp.3d at 977; ORS § 646.638(1) (private right of action only available where person suffers ascertainable loss of money or property). In *Egbukichi*, the court dismissed the plaintiffs' UTPA claim because they failed to allege "that they paid the allegedly improper fees and costs." *Id.* at 979. The Second Amended Complaint in this matter suffers from the exact same deficiency; Plaintiffs have not alleged that they actually paid any of the fees they claim to be improper. *See also Paul v. Providence Health Sys.-Oregon*, 237 Or. App. 584, 603–04, 240 P.3d 1110 (2010) (a threatened loss is not an ascertainable loss under Oregon's UTPA).

Along the same lines, Plaintiffs' UTPA claim also must be dismissed for failure to plead willfulness. *See Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp.3d 1127, 1141 (D. Or. 2014) ("the statute requires that Defendant's alleged violation of the UTPA be 'willful.'"); ORS § 646.638(1) (private right of action only available where defendant willfully violates ORS 646.608). Neither Plaintiffs' general allegations, nor their specific UTPA allegations assert willfulness.

Finally, the section of the UTPA relied upon by Plaintiffs pertains to, "false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred." *See* ORS 646.608(1)(k). None of the facts alleged pertain to credit availability or the nature of Plaintiffs' loan.

In sum, Plaintiffs have failed to meet their pleading burden with respect to their UTPA allegation. That claim must be dismissed based on any or all of the aforementioned deficiencies.

**D.    Plaintiffs' Defamation Claim is Preempted and is Insufficiently Pled.**

Plaintiffs' defamation claim must be dismissed because it is preempted by federal law, and alternatively because it fails to allege facts in support of each element of defamation.

Claims for defamation based on reports to credit agencies are generally preempted by the Fair Credit Reporting Act ("FCRA"). The FCRA has two preemption provisions. First, 15 U.S.C. §

Page 7 -    NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

1681t(b)(1)(F) broadly preempts prohibitions "[u]nder the laws of any State[,]" relating to the subject matter of, *inter alia*, section 1681s-2, which regulates persons who furnish information to consumer reporting agencies.[1] Second, 15 U.S.C. § 1681h(e) preempts certain tort actions, including defamation, based on information disclosed pursuant to the statutes that regulate credit reporting agencies (i.e., sections 1681g & 1681h) and users of consumer reports (i.e., 1681m).[2] Even though the clear thrust of this statute is, by its own terms, preemption of claims against "any consumer reporting agency, [or] any user of information[,]" the statute also purports to address preemption of claims against "any person who furnishes information to a consumer reporting agency[,]" even though such persons are separately subject to the broad preemption provision of section 1681t(b)(1)(F) mentioned above. Determining which preemption provision applies is important because the latter preemption provision (1681h(e)) does not preempt defamation claims where malice or willful intent to injure a consumer is alleged.

---

[1] The full text of section 1681t(b)(1)(F) states:

> (b) General exceptions[:] No requirement or prohibition may be imposed under the laws of any State—
> (1) with respect to any subject matter regulated under—
> * * *
> (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—
> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)[.]

[2] The full text of section 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report [2] except as to false information furnished with malice or willful intent to injure such consumer.

Page 8 - NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

In determining how these preemption provisions should be applied to claims against persons who furnish information to consumer reporting agencies, there has been much disagreement in the federal district courts about the meaning and interrelationship between these two provisions. The Ninth Circuit has acknowledged this disagreement without resolving it, noting:

> Although § 1681t(b)(1)(F) appears to preempt all state law claims based on a creditor's responsibilities under § 1681s-2, § 1681h(e) suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice.

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009). Some courts have resolved this tension by holding that the former provision preempts only state *statutory* claims, while the latter provision preempts state *common law* claims. *See*, *e.g.*, *Weseman v. Wells Fargo Home Mortg., Inc.*, 2008 WL 542961 (D. Or. 2008). A more persuasive approach, however, is to conclude that the earlier enacted 1681h(e) provides limited protection (by preempting only non-malicious/non-willful defamation) to a broad array of persons for a broad array of conduct, whereas as the later-enacted 1681t(b)(1)(F) provides broad protection (by fully preempting all state law claims) for limited types of persons or conduct. Because Nationstar is the type of entity subject to this broader protection (i.e., it is a person who furnishes information to consumer reporting agencies), Plaintiffs' defamation claim is entirely preempted. *See Cope v. MBNA Am. Bank, NA*, 2006 WL 655742, at *9 (D. Or. Mar. 8, 2006) ("the plain language of § 1681t(b)(1)(F) precludes Plaintiff's defamation claim because that claim would constitute a 'prohibition ... imposed under the laws of any State ... relating to the responsibilities of persons who furnish information to the [CRAs].'"). Indeed, "the majority of district courts in the Ninth Circuit, as well as Judge Brown in this district [in *Cope*], have adopted this 'total preemption' approach, holding that § 1681t(b)(1)(F) precludes both statutory and common law claims against furnishers of information." *Blair v. Bank*

Page 9 - NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

*of America, N.A.*, 2012 WL 860411 at *6 (D. Or. 2012) (ultimately siding with the *Weseman* approach).

Additionally, even if the narrower preemption provision of 1681h(e) were to apply, Plaintiffs' attempt to overcome that provision by including the word "malice" in the Second Amended Complaint is not a sufficient means of pleading around that preemption provision. Plaintiffs' use of the term malice is conclusory and is unsupported by any further facts or inferences contained in the Second Amended Complaint. This approach is tantamount to pleading the elements of a cause of action without any specific facts in support of those elements, and it therefore does not meet the pleading standard of FRCP 12(b)(6). *See Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do").

Additionally and alternatively, Plaintiffs have not sufficiently alleged the elements of defamation. Under Oregon law, a claim for defamation has three elements: "(1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm." National Union Fire Ins. Co. v. Starplex Corp., 220 Or. App. 560, 584 (2008). Regarding the first element, "[a] defamatory statement is a false statement that would subject the plaintiff to hatred, contempt or ridicule, or tend to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or excite adverse, derogatory or unpleasant feelings or opinions against the plaintiff." *Blair*, 2012 WL 860411 at *7 (internal quotations omitted).

Here, the only specific factual allegation Plaintiffs have made in support of their defamation claim against Nationstar is that "Nationstar's statements to the credit reporting agencies that plaintiffs are delinquent were made with knowledge that the statements were false and were made

with malice." There is no allegation stating or even suggesting the Plaintiffs were subjected to hatred, contempt, ridicule, diminished esteem, respect, goodwill or confidence. Nor is there any allegation stating or even suggesting that any third-parties experienced adverse or derogatory feelings toward Plaintiffs. Thus Plaintiffs have failed to plead facts in support of the first element of defamation.

Similarly, Plaintiffs' have failed to plead facts in support of the third element of defamation requiring either an allegation of special harm or defamation *per se*. "Special harm, as the words are used in this Chapter, is the loss of something having economic or pecuniary value." Restatement (Second) of Torts § 575 (1977). Further, "emotional distress caused to the plaintiff by his knowledge that he has been defamed is not special harm . . . ." *Id*. But Plaintiffs have only alleged "upset, worry, frustration, and lost credit opportunities." (Second Amended Complaint ¶ 47.) While lost credit opportunities might conceivably be considered pecuniary, it is unclear if Plaintiffs are alleging actual attempts to obtain credit which have been denied, or are merely alleging that there might be fewer credit opportunities available to them. The latter does not amount to special harm, and Plaintiffs' failure to plead this element clearly and specifically should not be allowed. *Cf. Franklin v. Pepco Holdings, Inc. (PHI)*, 875 F. Supp.2d 66, 75 (D.D.C. 2012) (allegation regarding risk of having credit suffer does not adequately allege special harm absent allegation that such harm has actually occurred).

Further, there are no allegations that would support a finding that Nationstar's alleged statements were so egregious as to rise to the level of defamation *per se*. *See Barnett v. Phelps*, 97 Or. 242, 244, 191 P. 502, 503 (1920) ("Words actionable per se are classified as such on the theory that their injurious character is admitted by all men; and that on that account they are conclusively

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

presumed to result in damage."). Without admitting any of Plaintiffs' allegations, any holding that an inaccurate report to a credit reporting agency amounts to defamation *per se* would open the floodgates for defamation actions.

Plaintiffs' defamation claim therefore must be dismissed based on any or all of the aforementioned deficiencies.

### E. Plaintiffs' Conversion Claim is Insufficiently Pled.

Finally, Plaintiffs' conversion claim must be dismissed because Plaintiffs fail to allege that Nationstar wrongfully received any funds as required by Oregon law. Plaintiffs have merely pled that defendants "wrongfully ke[pt] plaintiffs' payments, charg[ed] and ke[pt] the late fees and fail[ed] to apply plaintiffs' payments to their account . . . ." (Second Amended Complaint ¶ 49.) But a claim for conversion requires pleading that, "the money was wrongfully received by the party charged with conversion, or an agent is obligated to return specific money to the party claiming it." *Waggoner v. Haralampus*, 277 Or. 601, 604, 561 P.2d 586 (1977).

Here, Plaintiffs have not alleged that any of the funds at issue were wrongfully received by Nationstar, or that such funds should be returned to Plaintiffs. To the contrary, Plaintiffs effectively admit that they owed all funds that they have paid thus far, and their core contention has to do with whether any additional funds are due under their loan obligations. Thus Plaintiffs have failed to state a claim for conversion.

///

///

///

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

## IV. Conclusion

Based on all the foregoing arguments and authorities, Nationstar respectfully requests that this Court grant this Motion in its entirety and dismiss Plaintiffs' Second Amended Complaint with prejudice.

Dated: June 13, 2017

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: *s/ David J. Elkanich*
David J. Elkanich, OSB No. 992558
E-mail: serve.dje@hklaw.com
Calon N. Russell, OSB No. 094910
E-mail: serve.cnr-electronicservice@hklaw.com
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014
*Attorneys for Nationstar Mortgage LLC*

Page 13 - NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

# CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 3,471 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

Dated: June 13, 2017

                                            Respectfully submitted,

                                            HOLLAND & KNIGHT LLP

                                            By: *s/ David J. Elkanich*
                                                David J. Elkanich, OSB No. 992558
                                                E-mail:   serve.dje@hklaw.com
                                                2300 US Bancorp Tower
                                                111 SW Fifth Avenue
                                                Portland, OR  97204
                                                Telephone:  503.243.2300
                                                Fax:  503.241.8014
                                                *Attorneys for Nationstar Mortgage LLC*

Page 14 -  NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT to be served on the following person[s]:

| | |
|---|---|
| Keith D. Karnes<br>Karnes Law Offices, PC<br>1860 Hawthorne Ave. NE #10<br>Salem, OR 97301<br>Telephone: (503) 385-8888<br>Fax: (503) 385-8899<br>Email: keith@keithkarnes.com<br>*Of Attorneys for Plaintiff* | Lukasz I. Wozniak<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660<br>Telephone: (949) 608-5050<br>Fax: (949) 608-9142<br>Email: lwozniak@wrightlegal.net<br>*Of Attorneys for Defendant Ocwen Loan Servicing, LLC* |

by the following indicated method or methods:

☒ by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐ by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐ by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐ by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐ by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED June 13, 2017.

    *s/ David J. Elkanich*
David J. Elkanich

Page 1 -   CERTIFICATE OF SERVICE

**HOLLAND & KNIGHT LLP**
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300